



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. R. G. Waters, Commissioner
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

                    Opinion No. O-2049
                    Re: May the Board of Insurance Com-
                        missioners legally approve the
                        plan of operation and endorse-
                        ment as requested by the American
                        General Insurance Company requir-
                        ing that the endorsement be at-
                        tached to policies for risks of
                        given size or greater and may
                        not be attached to risks of less
                        than the given size?

          Your recent request for an opinion of this de-
partment on the above stated question has been received.

          We quote from your letter as follows:

          "Application has been made to this De-
     partment by a duly licensed workmen's compen-
     sation writing company for approval as its
     plan of operation for writing workmen's com-
     pensation insurance, a participation and
     assessment plan whereby risks of a given
     size and larger will be written on a parti-
     cipation and assessment basis and risks of
     less than the given size will not be written
     on said participation and assessment basis.

          "The Attorney General held in an opin-
     ion dated December 18, 1926, that a company
     could not use a participation and assessment
     plan of operation which would apply to some
     of its policies but not to all its policies,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. R. G. Waters, Page 2

the selection of these to which it would apply
to lie within the discretion of the carrier.

"The Attorney General held in an opinion
dated December 16, 1938, that the Retrospec-
tive Rating Plan could be legally adopted by
which risks of a given size and larger could
elect a plan whereby they would participate
or be assessed in accordance with their indi-
vidual experience and that risks of less than
the given size would not be eligible.

"In view of the two opinions mentioned,
we request your opinion as to whether or not
there is any legal barrier to our approval
of the plan of operation and endorsement as
requested by the said carrier which plan will
require that the endorsement be attached to
policies for risks of given size or greater
and may not be attached to risks of less than
the given size."

The proposed endorsement to be attached to poli-
cies for risks of a given size or greater and which may
not be attached to risks of less than the given size, reads
as follows:

"PARTICIPATION AND ASSESSMENT
ENDORSEMENT

"The assured will pay the Company the
manual or experience rates of premiums appli-
cable to this policy as promulgated by the
Board of Insurance Commissioners of Texas,
(1) if the premiums so paid are insufficient
to provide for the payment of, (a) all paid
and incurred losses, including legal and other
expenses incidental thereto arising under this
policy; and (b) such per cent of all premiums
as may be agreed upon between the assured and
the Company, which per cent shall be retained
by the Company; the assured will pay to the
Company upon demand, such additional amounts

Hon. R. G. Waters, Page 3

as may be necessary to provide adequate re-
serves com uted as prescribed by the Board
of Insurance Commissioners under the insur-
ance laws of the State of Texas.  (2) If
the premium so paid shall prove to be more
than sufficient to so provide for the payment
of the charges mentioned in (a) and (b) of
(1), and the maintanance of adequate reserves
computed on all policies as stated in 2 hereof,
The Company will return the excess to the
assured, according to such plans as may be adopt-
ed by the Company, as and when such return shall
be approved by the Board of Insurance Commis-
sioners of Texas.  (3) The payments provided to
be made under (1) and (2) above shall be made
after the expiration of the year's period for
which the policy is written and provided all
premiums hereunder have been paid, and not
otherwise.  This endorsement shall not apply
on policies, (a) the estimated annual premium
of which, as shown on the policy, is less than
Five Thousand Dollars ($5,000.00), or (b) pol-
icies to which is attached the Retrospective
Rating Plan Endorsement,  This Endorsement,
when countersigned by a duly authorized Agent
of the Company and attached to Policy No.
WC_____, Issued to _____
by the American General Insurance Company,
shall be valid and form a part of said policy.

"Countersigned at _____
This ____ day of _____, 19 ____
_____, Agent     GUS S. WORTHAM
                                         President"

As shown by the proposed endorsement, above quot-
ed, the plan of operation is to write all assureds whose
estimated annual premiums exceed $5,000.00, and who have
not elected to be rated under the Retrospective Rating
Plan upon the basis of an individually applied plan of
participation and assessment as appears from the form of
endorsement.  However, the above mentioned plan specifically

Hon. R. G. Waters, Page 4

prohibits all whose estimated annual premium is less than $5,000.00 from participating in or operating under such plan. Articles 4907, 4908, 4911, 4913, 4914 and 4916 of Vernon's Civil Annotated Statutes read as follows:

"Art. 4907. The said Commission shall make, establish and promulgate all classifications of hazards and rates of premium respectively applicable to each, contemplated and provided for by Title 130, known as the Workmen's Compensation Law and/or by the 'Longshoremen's and Harbor Workers' Compensation Act' as enacted by the Congress of the United States. Said Commission shall publish all rates promulgated by it as affecting Compensation Insurance in this State, and said rates, or any change therein, shall be published fifteen days before they become effective and in force.

"Art. 4908. The Commission shall prescribe standard policy forms to be used by all companies or associations writing workmen's compensation insurance in this State. No company or association authorized to write workmen's compensation insurance in this State shall, except as hereinafter provided for, use any classifications of hazards, rates or premium, or policy forms other than those made, established and promulgated and prescribed by the Commission.

"Art. 4911. The Commission shall determine hazards by classes and fix such rates of premium applicable to the payroll in each of such classes as shall be adequate to the risks to which they apply and consistent with the maintenance of solvency and the creation of adequate reserves and a reasonable surplus, and for such purpose may adopt a system of schedule and experience rating in such manner as to take account of the peculiar hazard of each individual risk, provided such rate shall

Hon. R. G. Waters, Page 5

be fair and reasonable and not confiscatory
as to any class of insurance carriers author-
ized by law to write workmen's compensation
insurance in this State. To insure the ade-
quacy and reasonableness of rates, the Com-
mission shall take into consideration an ex-
perience gathered from a territory sufficient-
ly broad to include the varying conditions
of the industries in which the classifications
are involved, and over a period sufficiently
long to insure that the rates determined there-
from shall be just, reasonable, and adequate
rates. The Commission shall exchange infor-
mation and experience data with the rate-making
bodies of other States and shall consult any
national organization or association now or
hereafter existing for the purpose of assembling
data for the making of compensation insurance
rate.

"Art. 4913. The Commission shall prescribe
a uniform policy for workmen's compensation
insurance and no company or association shall
thereafter use any other form in writing work-
men's compensation insurance in this State,
provided that any company or association may
use any form of endorsement appropriate to its
plan of operation, if such endorsement shall
be first submitted to and approved by the
Commission, and contracts or agreements not
written into the application and policy shall
be void and of no effect and in violation of
the provisions of this chapter, and shall be
sufficient cause for revocation of license
to write workmen's compensation insurance with-
in this State.

"Art. 4914. Nothing in this chapter shall
be construed to prohibit the operation here-
under of any stock company, mutual company,
reciprocal or inter-insurance exchange, or
Lloyd's association, to prohibit any stock
company, mutual company, reciprocal, or inter-
insurance exchange or Lloyd's association,

Hon. R. G. Waters, Page 6

issuing participating policies, provided no
dividend to subscribers under the Workmen's
Compensation Act shall take effect until
the same has been approved by the Commission.
No such dividend shall be approved until
adequate res rve has been provided, said
reserves to be computed on the same basis
for all classes of companies or associations
operating under this chapter, as prescribed
under the insurance laws of the State of
Texas.

"Art. 4916. No provisions of the Act
creating the State Insurance Commission, with
regard to the fixing and promulgation of
rates for fire insurance or the prescribing of
fire insurance policies and forms shall be
applicable to the fixing of compensation in-
surance classifications or the making of com-
pensation insurance rates or the prescribing
of compensation insurance policy forms; but
the provisions of this Act shall be construed
and applied independently of any other law or
laws, or parts of laws, having to do with the
matter of insurance rates and forms or of fix-
ing the duties of the State Insurance Com-
mission."

Under the above quoted statutes it is the duty
of the Board of Insurance Commissioners to prescribe rates
and all policy forms that every company writing compensa-
tion insurance must use and such companies are required to
use such rates and forms. Apparently, the general policy
of the Legislature and all insurance legislation is to
prevent discrimination by the carrier between its policy-
holders. As we understand the above mentioned plan, it is
nothing more than or less than a specific discrimination
between the policyholders of the company, and the plan of
operation is contrary to the policies of the Legislature in
such matters.

This department held in an opinion dated December
18, 1926, that a company could not use a participation and
assessment plan of operation which would apply to some of

Hon. R. G. Waters, Page 7

its policies but not to all of its policies, the selection of those to which it would apply to lie within the discretion of the carrier.

In view of the policies of the Legislature expressed by the foregoing statutes, your question is respectfully answered in the negative.

The opinion of the Attorney General, bearing date of December 16, 1938, holding that the retrospective rating plan can be legally adopted by which risks of a given size and larger could elect a plan whereby they would participate or be assessed in accordance with their individual experience and that risks of less than the given size would not be eligible, is hereby expressly overruled.

Trusting that the foregoing fully answers your inquiry, we remain

                                        Very truly yours

                                ATTORNEY GENERAL OF TEXAS

                                By (s) Ardell Williams

                                        Ardell Williams
                                        Assistant

AW:AW


APPROVED MARCH 27, 1940

(s) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS


                                APPROVED, OPINION COMMITTEE

                                By  B. W. B.
                                    Chairman